UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. ___3:17-CV-156-CRS___

*ELECTRONICALLY FILED*

AMERICAN SOUTHERN INSURANCE
COMPANY                                                                          PLAINTIFF

V.

**COMPLAINT FOR DECLARATORY JUDGMENT**

HOWARD E. MITCHELL and
MITCHELL TRANSPORTATION LLC                                      DEFENDANTS

> Serve: **Howard E. Mitchell**
> **12897 Copperfield Lane**
> **Madison, AL 35756**
>
> **Howard E. Mitchell**
> **Registered Agent of**
> **Mitchell Transportation LLC**
> **12897 Copperfield Lane**
> **Madison, AL 35756**

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, American Southern Insurance Company ("American Southern"), for its

Complaint for Declaratory Judgment states and alleges as follows:

**INTRODUCTION**

1.      This Complaint is for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201

and 2202, and Federal Rule of Civil Procedure 57, in which American Southern seeks a

determination of its rights and duties under a policy of insurance issued to Howard E.

Mitchell.

**PARTIES**

2.      At all times relevant to this Complaint, American Southern, was and is an insurance company organized and existing under the laws of the state of Georgia, with its principal place of business in Atlanta, Georgia and is duly authorized to do business in Kentucky.

3.      Upon information and belief, Howard E. Mitchell is an individual residing at 12897 Copperfield Lane, Madison, Alabama 35756 who at all times relevant to this Complaint was doing business as Mitchell Transportation LLC (hereinafter collectively "Mitchell"), a corporation existing under the laws of the state of Alabama whose registered agent is Howard E. Mitchell and principal place of business at 12897 Copperfield Lane, Madison, Alabama 35756.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

5.      This Court has personal jurisdiction over Mitchell pursuant to KRS 188.020.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

7.      On October 1, 2013, American Southern issued Insurance Policy Number ASI11001 (the "Policy") to Mitchell.   (Attachment 1, American Southern Insurance Policy Number ASI11001.)

8.      In return for payment of the premium, and subject to all the terms of the Policy, American Southern agreed to provide Mitchell with $1,000,000 Non-Trucking Automobile Liability Insurance.  (Attachment 1, Policy at Business Auto Declarations of Policy.)

9.      On or about June 15, 2015, Mitchell executed a long term lease agreement with Watkins Trucking Co., Inc.  (Attachment 2, Long Term Lease Agreement.)

10.      SECTION II – LIABILITY COVERAGE of the Policy provides that "American Southern will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a coverage "auto"."  (Attachment 1, Policy at p. 2. of BUSINESS AUTO COVERAGE FORM.)

11.      The BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS of the Policy provides, "NAMED INSURED:  The term "Named Insured" shall apply individually and only to those persons or organizations that have leased autos with an operator to the certified motor carrier designated on the certificate under a valid, long term lease agreement, and have accordingly been issued a certificate of insurance forming a part of the policy."  (Attachment 1, Policy at p. 1 of BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS.)

12.      The BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS of the Policy provides, "COVERED AUTOS:  The insurance applies only to those autos scheduled and designated in the certificate of insurance attached to and forming a part

of this policy, and for which at the time of loss, there is a valid, long term lease existing with the designated certified carrier covering that auto." (Attachment 1, Policy at p. 1 of BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS.)

13.     The BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS of the Policy provides, "LONG TERM LEASE:  A "long term lease" agreement shall mean a written lease of not less than thirty (30) consecutive days duration between the equipment owner (Lessor) and the designated certified carrier (Lessee) and shall not mean a trip lease (single trip or duration of less than (30) days).  Such "long term lease" agreement must show exclusive possession, control, and use of the described equipment by the Lessee as well as date, time and duration of the lease, and must require the Lessee thereunder to provide Bodily Injury and Property Damage liability insurance to protect the general public while the covered auto is being operated in the service of and to the economic benefit of the Lessee." (Attachment 1, Policy at p. 1 of BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS.)

14.     The BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS of the Policy provides, "CANCELLATION AND/OR TERMINATION:  As respects to the Named Insured, the cancellation of this insurance shall coincide with the termination or cancelation of YOUR long term lease agreement and on such basis shall be understood as falling with the definition of "Cancellation by the Named Insured." Cancellation as to any named insured issued a certificate of insurance can also be effected to the policy without cancellation of the policy in its entirety." (Attachment 1, Policy at p. 2 BUSINESS AUTO COVERAGE FORM ADDITIONAL DEFINITIONS.)

15.     On August 26, 2015, American Southern Issued a Certificate of Insurance Non-Trucking Automobile Liability Insurance (the "Certificate of Insurance"), pursuant to the Policy, listing Mitchell as the insured and Watkins Trucking, Co., Inc. as the Lessee/Motor Carrier.  (Attachment 1, Policy at CERTIFICATE OF INSURANCE NON-TRUCKING AUTOMOBILE LIABILITY INSURANCE.)

16.     The Certificate of Insurance provides that "No Coverage is afforded if a valid, long term lease agreement doesn't exist between the certificate holder and motor carrier." (Attachment 1, Policy at CERTIFICATE OF INSURANCE NON-TRUCKING AUTOMOBILE LIABILITY INSURANCE.)

17.     The Certificate of Insurance provides "THIS CERTIFICATE OF INSURANCE IS ISSUED BASED ON A WARRANTY BY THE CONTRACTOR THAT HE/SHE IS PERMANENTLY LEASED TO THE GOVERNMENTALLY REGULATED MOTOR CARRIER NAMED ON THE CERTIFICATE.   ALL COVERAGE EXPIRES WHEN THE PERMANENT LEASE HAS BEEN BROKEN, CANCELLED, OR TERMINATED BY EITHER THE CONTRACTOR OR MOTOR CARRIER.   THIS CERTIFICATE OF INSURANCE NEITHER AFFIRMATIVELY OR NEGATIVELY AMENDS, EXTENDS OR ALTERS THE COVERAGE AFFORED BY THE POLICIES LISTED THERON." (Attachment 1, Policy at CERTIFICATE OF INSURANCE NON-TRUCKING AUTOMOBILE LIABILITY INSURANCE.)

18.     On or about September 28, 2016, the long term lease between Watkins Trucking Co., Inc. and Mitchell was canceled.   (Attachment 2, Long Term Lease Agreement.)

19.    On October 2, 2016, Mitchell was involved in a motor vehicle accident on West Main Street in Louisville, Kentucky involving Christopher Hale and Rebecca Hale (the "Accident").  (Attachment 3, Police Report.)

20.    Mitchell was not under a long term lease agreement with Watkins Trucking Co., Inc. at the time of the Accident on October 2, 2016.

21.    Mitchell was not under a long term lease agreement with any motor carrier at the time of the Accident on October 2, 2016.

22.    Christopher Hale has made a demand to American Southern for the limits of liability coverage provided by the Policy for injuries he allegedly sustained as a result of the Accident.

23.    American Southern has no contractual duty to provide coverage or a defense to Mitchell with respect to any claims arising out of the Accident.

<u>COUNT I</u>

<u>DECLARATORY JUDGMENT</u>

24.    American Southern incorporates, as if fully set forth herein the averments contained in numerical paragraphs 1 through 22 of this Complaint.

25.    There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the application of insurance coverage for the Accident under the Policy issued by American Southern to Mitchell, and a declaration of rights and obligations of the parties under the Policy and prevailing law will resolve that controversy.

26.     For these reasons, American Southern requests that pursuant to 28 U.S.C. § 2201, this Court declare:

a)      That any and all claims, including but not limited to claims put forth by Christopher Hale or Rebecca Hale, arising out of the Accident are not covered by the Policy.

b)      That American Southern has no obligation to defend Mitchell for any and all claims arising out of the Accident.

c)      That American Southern has no obligation to indemnify Mitchell for any and all claims arising out of the Accident.

WHEREFORE, Plaintiff American Southern Insurance Company prays for relief as follows:

A.      That any and all claims, including but not limited to claims put forth by Christopher Hale or Rebecca Hale, arising out of the Accident are not covered by the Policy;

B.      That American Southern has no obligation to defend Mitchell for any and all claims arising out of the Accident; and

C.      That American Southern has no obligation to indemnify Mitchell for any and all claims arising out of the Accident.

D.      For its attorney's fees and costs pursuant to law; and

E.      For such other relief as is just and equitable herein.

Respectfully submitted,

LEE A. ROSENTHAL
CASEY BAILEY & MAINES, PLLC
3151 Beaumont Centre Circle
Suite 200
Lexington, KY 40513
Telephone: (859) 243-0228
Email:  lrosenthal@cbmlaw.net

/s/ Lee A. Rosenthal
*Counsel for Plaintiff American Southern*
*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

On the 14th day of March, 2017, I electronically filed the foregoing document

through the ECF system, which will send a notice of filing to all participants appearing

on the Panel Attorney Service List.

/s/ Lee A. Rosenthal
*Counsel for Plaintiff American Southern*
*Insurance Company*